UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH ALLEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-cv-02157-JPH-TAB |
| ROBERT E. CARTER, et al., | ) ) ) |
| Defendants. | ) |

**ORDER DENYING MOTION TO RECONSIDER
AND DENYING MOTION FOR LEAVE TO FILE
A CORRECTED MOTION TO RECONSIDER**

Plaintiff Kenneth Allen, an Indiana Department of Correction inmate, filed this civil rights action pursuant to 42 U.S.C. § 1983 in July 2021. Dkt. 2. His amended complaint was dismissed for failure to comply with Federal Rule of Civil Procedure 8, and he was given the opportunity to file a second amended complaint in April 2022. Dkt. 26. Mr. Allen has not filed a second amended complaint despite many extensions of time to do so. Dkt. 29 (granting extension); dkt. 31 (same); dkt. 34 (granting one final extension). On September 15, 2022, more than a year after Mr. Allen filed this action, Magistrate Judge Baker denied Mr. Allen's request for additional time to file a second amended complaint. Dkt. 37.

The Court then permitted Mr. Allen extended opportunities to file his objections to the Magistrate Judge's order, but rather than do so, Mr. Allen filed another amended motion for extension of time which the Court denied. Dkt. 49; dkt. 51. This action was dismissed without prejudice on February 16, 2023, for

1

Mr. Allen's failure to file a second amended complaint in compliance with Rule 8 and for failure to follow the Court's previous orders. Dkt. 51; dkt. 52.[1] Now before the Court are Mr. Allen's motion to reconsider and motion for leave to file a corrected motion to reconsider. For the reasons explained below, Mr. Allen's motions, dkts. [55] and [56], are **DENIED**, and **this action remains closed**.

## I. Legal Standard

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the Court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). To receive relief under Rule 59(e), the moving party "must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood v. Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013). A "manifest error" means "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Relief through a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Runnion ex rel. Unnion v. Girl Scouts of Greater Chi.*, 786 F.3d 510, 521 (7th Cir. 2015) (internal quotation omitted). A Rule 59(e) motion "does not provide a vehicle for a party to undo its own procedural failures,

---

[1] The Court explained, "As a broader picture, Mr. Allen has had more than a year to litigate this action, and in that time, he has failed to file a legally sufficient complaint or heed the Court's multiple warnings that such failures would eventually result in the dismissal of this action." Dkt. 51 at 1-3. Further, "Mr. Allen has had ample time to file objections to the Magistrate Judge's order, over four months, and because he did not do so by the final extension of time, his objections are deemed waived[.]" *Id.*

and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment," *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010) (quoting *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)), nor may a party use Rule 59(e) to "rehash previously rejected arguments," *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014) (internal quotation omitted).

## II. Discussion

Mr. Allen argues that the Court's dismissal of the entire case without prejudice "is the functional equivalent of a dismissal with prejudice due to the effect that said dismissal has caused the statute of limitations to now time bar Plaintiff's claims," and that the Court failed to consider the effect of the dismissal on the statute of limitations. Dkt. 55 at 1, 27. He challenges the appropriateness of the sanction of dismissal and argues that his due process rights were violated because he was not provided with notice and an opportunity to be heard prior to the Court dismissing this action. *Id.* Mr. Allen states he has not willfully delayed this proceeding, and that the actions of the Court "greatly contributed to the Plaintiff's delay in filing a Second Amended Complaint[.]" *Id.* at 13-14. He argues that the Court made an erroneous legal conclusion and abused its discretion when it denied him additional time to file his objections to the Magistrate Judge's order and that the Court did not consider his circumstances or imposing lesser sanctions than dismissal. *Id.* at 27-28, 32-36.

As thoroughly outlined in its order dismissing this action, the Court screened and dismissed Mr. Allen's amended complaint for failure to comply with Rule 8 and permitted him many chances to file a second amended complaint in compliance with that Rule. Dkt. 26. The Court repeatedly notified Mr. Allen that his filings were unwieldy and provided guidance to him on how to file a legally sufficient pleading, including sending to him a blank complaint form. *Id.*; dkt. 37. Mr. Allen was permitted extension after extension to pursue this litigation and was notified that if he failed to do so this action would be dismissed without further warning or opportunity to show cause. Dkt. 29; dkt. 31; dkt. 34. After more than a year of these opportunities, the Magistrate Judge determined that a further extension of time was not warranted. Dkt. 37. The Court then continued its liberal extensions of time for Mr. Allen to file objections to the Magistrate Judge's order but warned him that failure to comply with the Court's deadlines would result in dismissal of this action. Dkt. 49.

Mr. Allen's arguments are simply a plea for the Court to excuse his neglect in prosecuting this case, and as such, the motion advances no grounds to support Rule 59(e) relief. Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures[.]" *Bordelon*, 233 F.3d at 529 (quotation omitted).

Accordingly, Mr. Allen's motion to reconsider, dkt. [55], is **DENIED**. His subsequent motion for leave to file a corrected motion to reconsider seeks to "type the handwritten entries and to perfect the formatting," to "perfect the

4

claims and arguments supporting each ground," and "to perfect and supplement his citations to authority," dkt. [56], is likewise **DENIED**.

This action remains closed.

**SO ORDERED.**

Date: 5/4/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KENNETH ALLEN
173335
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only